[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties to this marriage intermarried on March 11, 1971 in Caribou, Maine.
The parties have both resided continuously in the State of Connecticut at least one year next preceding the filing of the complaint.
The parties have no minor children issue of the marriage and no minor children have been born to the plaintiff wife since the date of the marriage.
Neither party is receiving any state aid or municipal assistance.
The parties for the last four years have been experiencing problems within their relationship. In 1994 the plaintiff filed for dissolution as a consequence of a relationship that developed between the defendant and another woman. The parties went through counseling and reconciled and the plaintiff withdrew her dissolution petition.
The defendant testified that the parties continued to have problems in their relationship but plaintiff thought the marriage had been re-invigorated and intimacy re-established. In 1998 the CT Page 302 plaintiff discovered that the defendant had become entangled in another affair and that there was no way that she could trust the defendant further and filed for divorce again in September of 1998.
The court finds that the cause of the breakdown of the marriage is the extra marital liaisons of the defendant, although there may have been a degree of insensitivity on the part of the plaintiff for a greater need for affection and intimacy on the part of the defendant which the plaintiff failed to provide. The marriage of the parties has broken down as a result of the actions of the defendant and there is no prospect for reconciliation.
The court finds that the plaintiff is employed and earns $448.00 weekly. The defendant is presently unemployed and receives $376.00 as weekly unemployment compensation. The court finds after review of the evidence that the defendant has an earning capacity of $1,200.00 per week as a gross amount predicated on the defendant's earnings from January 1998 through the period to August 1999.
After consideration of all of the statutory criteria, the court makes the following orders:
Dissolution of the marriage on the grounds of irretrievable breakdown.
The defendant shall transfer all his right, title and interest in and to the marital home located at 31 Field Stream Drive, Waterbury, Connecticut, to the plaintiff Beryl Bouchard and the plaintiff shall hold defendant harmless from any and all liability pertaining to the mortgage and taxes on the subject premises.
The defendant shall transfer to plaintiff by way of a Qualified Domestic Relations Order 50% of his right, title and interest in his 401K plan.
The defendant shall be entitled to the following items of personal property and the plaintiff shall retain all other items of personal property:
a) Computer,
b) Computer table/desk,
c) Bicycle (10 speed),
d) Tools, and
 e) All available negatives of pictures of the parties' children and grandchildren, for purposes of duplication and then negatives to be returned to plaintiff.
The defendant shall transfer to the plaintiff by QDRO 50% of his right, title and interest in and to any pension plan to which he is entitled to pension benefits from the Baking and Confectionery Union and Industrial International Pension Fund.
The defendant shall transfer ownership to the plaintiff the Primerica life insurance policy having a face amount of $150,000.00. The plaintiff shall be named irrevocable beneficiary of the death benefit. Failure to transfer said policy shall constitute a charge against the estate of the defendant in the event of his death.
Plaintiff shall be responsible for the premium on said policy from the date of this decree.
The defendant shall pay to the plaintiff the sum of $100.00 weekly as alimony. The payment shall be made until death of either party, plaintiff's remarriage or cohabitation within the meaning of the statute.
Defendant shall pay all outstanding charges for which he is legally obligated under the pendente lite orders dated October 5, 1998, which amount is found to be $5,036.00 as an arrearage and the sum of $50.00 per week is ordered paid weekly until said arrearage is paid.
Defendant shall pay $1,000.00 as counsel fees for plaintiff's attorney.
KOCAY, J. CT Page 303